# KENNETH A. PAUL
### ATTORNEY AT LAW

140 BROADWAY - SUITE 4610
NEW YORK, N.Y. 10005
TELEPHONE: (212) 587-8000
FAX: (212) 858-7750

kpaul@kennethpaulesq.com

August 17, 2018

**Via ECF and Regular Mail**
Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

        Re:  <u>United States v. Shahram Ketabchi</u>
            17 Cr. 243 (SHS)

Dear Judge Stein:

      Please accept this letter on behalf of the defendant Shahram Ketabchi's as our reply to the Government's Memorandum of Law in Opposition to Defendant Shahram Ketabchi's Pretrial Motions (Dkt. No. 245) that was filed on August 10, 2018, and re-filed on August 13, 2018. Attached to the Government's Memorandum, as Exhibit 1, is the Government's *Ex Parte* Application for First Extension of Time Within Which to Retain and Search Digital Devices; Declaration of Robert B. Sobelman.

      For all the reasons as set forth in our pretrial motions, we continue to maintain that all of the evidence seized from Ketabchi's residence should be suppressed. As for the particular argument to suppress any materials contained on the seized Subject Digital Devices on the grounds that the government exceeded the 120-day limitation that the Warrant placed on the search of the electronic devices seized pursuant to the warrant, the government concedes and agrees to suppress.

      The government admits that, for a number of reasons, the processing of the electronic devices seized in connection with this investigation was not completed until long after the deadline of the 120-day period pertaining to Ketabchi's devices. They agree that due to this oversight on their part that they will not utilize any of the completed analysis reports generated after the deadline of the devices seized from Ketabchi. Since it appears that all of the information and materials generated from these devices were not completed until after the limited time period to July 19, 2017, the materials seized are to be suppressed on consent.

Honorable Sidney H. Stein
August 17, 2018
Page Two

In order to correct this oversight, the government recently applied to the United States District Court for the Central District of California for an extension of the 120-day period with which the government may retain and search nine digital devices seized pursuant to a federal search warrant. It is stated by the government, in both their Memorandum and *Ex Parte* Application and Declaration of Robert B. Sobelman to the Magistrate in the United States District Court for the Central District of California, that the 120-day limitation period only came to their attention on July 13, 2018, when Ketabchi filed the instant motion. This is clearly incorrect and misleading.

The government maintains that now that they have received an extension of another 120 days that going forward they should be permitted to commence a new search of all of the Subject Digital Devices and will not rely upon or access the results of any search that was done after July 19, 2017. This proposal should be denied due to the misleading facts as set forth in both the *Ex Parte* application to the Magistrate in the California District Court as well as in their Memorandum.

On July 31, 2017, a motion pursuant to Rule 41(g) of the FRCP was filed for the return of Ketabchi's devices seized pursuant to this search warrant. (Dkt. No. 59). Included in this motion is a specific reference to the attached search warrant and the "Search Procedure For Digital Devices". It was noted that the "search team shall complete the search as soon as practicable but not to exceed 120 days from the date of execution of the warrant". Clearly, the government was made aware of this time limitation over a year before the filing of Ketabchi's pretrial motions on July 13, 2018. In fact, AUSA Robert B. Sobelman responded in opposition to this Rule 41(g) motion. (Dkt. No. 62).

The Magistrate in California District Court may not have ever signed an extension of the time limitation if the Court was made aware of the true fact that the government clearly knew of this 120-day period over a year ago and never applied for any extension of time until this month. This misrepresentation of the facts to both the Magistrate and this Court should not now provide license for the government to correct their oversight and permit them going forward and to be able to utilize the materials seized from Ketabchi's devices.

For all of the reasons as set forth in our pretrial motions and this reply to the government's opposition memorandum, we contend that the motion to suppress all of the materials seized from Ketabchi's residence on March 21, 2017, be suppressed.

Honorable Sidney H. Stein
August 17, 2018
Page Three

    Thank you for your consideration.

    Respectfully,

    Kenneth A. Paul

Cc:   Kiersten A. Fletcher
      Robert B. Sobelman
      Benet J. Kearney
      Assistant United States Attorneys     (Via ECF)