**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 31, 2018

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Andrew Owimrin, Shahram Ketabchi*, S8 17 Cr. 243 (SHS)

Dear Judge Stein:

      The Government respectfully submits this letter to provide the Court with additional authority in support of its position that counsel for Shahram Ketabchi should not be permitted to lead Michael Finocchiaro absent a showing that Mr. Finocchiaro is a hostile witness pursuant to Federal Rule of Evidence 611(c). As the Advisory Committee Notes to Rule 611 make clear, "it may be difficult in criminal cases to determine when a witness is "identified with an adverse party," and thus the rule should be "applied with caution." Here, the Government has not found any support for the defense position that Mr. Finocchiaro is "identified with an adverse party" by virtue of his cooperation agreement with the Government.

      In *United States v. Diaz*, 662 F.2d 713, 718 (11th Cir.1981), the Government called an immunized witness in its case in chief, whom defense counsel attempted to cross-examine beyond the scope of direct examination. Notwithstanding that the Government had previously procured the immunity of the witness, and had in fact presented that witness's testimony to the jury, the district court declined to declare the witness a hostile witness and required defense counsel to the use non-leading questions when examining the witness beyond the scope of the Government's direct examination. The Eleventh Circuit affirmed, relying in part on the witness's prior relationship with the defendant. The same result is warranted here, where counsel seeks to present the testimony of his client's co-conspirator and there has been no showing that Mr. Finocchiaro is hostile to the defendant simply by virtue of his cooperation agreement.

      Moreover, while law enforcement agents are typically "identified with" the Government, even that presumption can be overcome where the Government makes "a positive showing … that the witness is not hostile, biased or so identified with the adverse party that the presumption of hostility which is the cornerstone of Fed. R. Evid. 611(c) should not be indulged." *United States v. Duncan*, 712 F. Supp. 124, 126 (S.D. Ohio 1988). Here, Mr. Finocchiaro has expressed a

willingness to testify in this case and the Government has no reason to think he will be hostile to defense counsel. As such, defense counsel should be prevented from leading Mr. Finocchiaro during direct examination.

                                            Respectfully submitted,

                                            GEOFFREY S. BERMAN
                                            United States Attorney for the
                                            Southern District of New York

By: _____
       Kiersten A. Fletcher
       Benet J. Kearney
       Robert B. Sobelman
       Assistant United States Attorneys
       (212) 637-2238/2260/2616