UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | |
|---|---|
| -against- | 17-Cr-243-3 (SHS) |
| SHAHRAM KETABCHI, | |
| Defendant. | OPINION & ORDER |

SIDNEY H. STEIN, U.S. District Judge.

On November 7, 2018, at the conclusion of an approximately two-week long trial, a jury convicted defendant Shahram Ketabchi of conspiracy to commit wire fraud and conspiracy to commit money laundering. Immediately after the jury rendered its verdict, defendant's trial counsel requested an extension of time in which to file any motions for judgment of acquittal or for a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33. Although the Court granted this request, the extended deadline in which to file post-trial motions elapsed without any motion being filed by Ketabchi. Now, more than four months after the jury convicted defendant, he seeks permission to file a Rule 33(a) motion *nunc pro tunc*. For the reasons set forth below, Ketabchi's motion is denied because he has failed to demonstrate that his failure to comply with the Court's extended deadline constituted excusable neglect.

**I. BACKGROUND**

In April 2017, Shahram Ketabchi[1] was charged in an indictment with participating in an extensive multidefendant telemarketing conspiracy. (Doc. Nos. 26, 268.) The government alleges that the defendants operated telemarketing companies that sold essentially

---

[1] Shahram Ketabchi's brother, Arash Ketabchi, was also charged in this indictment. At all times in this opinion, the Court refers to Shahram as "Ketabchi" or "defendant."

nonexistent services and products primarily to elderly consumers. The charged fraud, which continued from 2013 to 2017, allegedly netted the conspirators millions of dollars.

In late October 2018, Ketabchi and his co-defendant Andrew Owimrin proceeded to trial, during which each defendant testified in his own defense. In early November, the jury convicted both Ketabchi and Owimrin on the two counts in superseding indictment S8 (Doc. No. 268): conspiracy to commit wire fraud and conspiracy to commit money laundering. Kenneth Paul, Esq., who had been appointed pursuant to the Criminal Justice Act (Doc. No. 32), represented Ketabchi before, during, and after the trial. At Paul's request, the Court also appointed Jacob Mitchell, Esq., to represent Ketabchi (Doc. Nos. 50, 51), and both counsel participated actively in the defense of this matter. After the jury announced its verdict, Paul asked the Court for an extension of "at least 30 days" to file any potential Rule 29 or 33 motions. (Doc. No. 350, Tr. 2115.) The Court granted that request, ordering both defendants to file any post-trial motions within 30 days—that is, on or before December 7, 2018. (*Id.*)

The Court did not hear from Ketabchi again until mid-January. On January 17, 2019, the Court held a conference at Ketabchi's request, where he sought the appointment of new counsel. At that conference, Paul shared that his client "believes that he was provided ineffective assistance of counsel" for "a variety of reasons." (Doc. No. 366, Tr. 3.) Ketabchi, appearing by telephone from California, confirmed that he wanted a new attorney. (*Id.* at 2, 4.) He also confirmed that he understood the appointment of new counsel would not result in an adjournment of his sentencing date, which had been scheduled since November to take place on March 27, 2019. (*Id.* at 4–5.) In a subsequent order dated the same day as the conference, the Court relieved Paul and appointed Richard Palma, Esq., pursuant to the Criminal Justice Act to represent Ketabchi. (Doc. No. 357.)

A week later, Palma requested—and the Court granted—the appointment of an attorney to help him prepare for Ketabchi's upcoming sentencing hearing. (Doc. Nos. 358, 359.) On February 13, 2019, Palma wrote to inform the Court that his client wanted to file a Rule 33 motion for a new trial, and that Palma would determine whether such action was appropriate

2

by February 22, "if not before." (Doc. No. 365.) Over two weeks later, on March 4, 2019, Palma wrote to the Court seeking an extension of time in which to file Ketabchi's Rule 33 motion. (Doc No. 374.) The Court ordered Palma to file a motion for a *nunc pro tunc* extension of time in which to file a Rule 33 motion for a new trial by March 15 (Doc. No. 376), and he did so (Doc. No. 395).

## II. DISCUSSION

Defendant argues that his neglect to file a Rule 33 motion by December 7, 2018, was excusable. Yet the only rationale he provides is that Ketabchi's new counsel allegedly acted promptly in seeking to late file this post-trial motion. No explanation is provided for why the failure to meet the initial deadline—which expired a month before current counsel's appointment in this action—is excusable. The Court concludes that Ketabchi may not file a motion for a new trial over three months late, on the eve of his scheduled sentencing.

### A. Legal Standard

Pursuant to Federal Rule of Criminal Procedure 33, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Except where his motion is based on newly discovered evidence, a defendant must file his motion for a new trial "within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Rule 45, however, provides that the Court may extend this filing deadline "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B).

Courts have considered the following factors in assessing the existence of excusable neglect: (1) the risk of prejudice to the government; (2) the length of the delay and the impact on the proceedings; (3) the reason for the delay and whether it was within the defendant's control; and (4) the defendant's good faith or lack thereof in asking for an extension. *E.g.*, *United States v. Scali*, No. 16-CR-466, 2018 WL 3536082, at *2 (S.D.N.Y. July 23, 2018); *United States v. Pauling*, 256 F. Supp. 3d 329, 340 (S.D.N.Y. 2017); *United States v. Sabir*, 628 F. Supp. 2d 414, 417 (S.D.N.Y. 2007). The decision whether to grant an extension is within the Court's

3

discretion. *See, e.g.*, *United States v. Owen*, 559 F.3d 82, 84 (2d Cir. 2009) ("We conclude that, under these circumstances, where the Rule 33 motion is still pending before the District Court, the District Court is in the best position to decide, in the exercise of its informed discretion, whether [defendant's] *pro se* motion was timely under Rule 33 and Rule 45(b)."); *see also United States v. Malachowski*, 623 F. App'x 555, 557 (2d Cir. 2015) (finding no abuse of discretion in the district court's denial of Rule 33 motions as untimely); *United States v. Kirsch*, 151 F. Supp. 3d 311, 314 (W.D.N.Y. 2015) ("When a party moves for a new trial after the 14-day deadline has expired, a court may extend the deadline in its discretion upon a finding that the failure to file a timely motion is due to excusable neglect.").

### B. Ketabchi Does Not Set Forth a Basis for Why His Failure to File a Timely Rule 33 Motion Amounts to Excusable Neglect

Regarding the first two factors used to assess excusable neglect, the government argues that allowing Ketabchi to file a *nunc pro tunc* Rule 33 motion would cause it prejudice. (Doc. No. 419, at 2.) While granting defendant's motion would obviously delay his sentencing, any adjournment would not interfere with the sentencings of the other defendants scheduled for March 27 and April 3. However, the government does have "a significant interest in the finality of the verdict and in getting [defendant] sentenced." *Sabir*, 628 F. Supp. 2d at 417 (finding untimely post-trial motions filed nearly three months after the verdict despite defendant already receiving 45 days to file). Furthermore, prejudice to the government "is at least possible" given that "[a]s time goes by, the likelihood of trial witnesses' becoming unavailable increases." *Id.* This is particularly true for the elderly victims of the fraud.

Moreover, defendant offers absolutely no explanation for why his trial counsel failed to file a Rule 33 motion by December 7. The only background provided in his present motion is a list of dates, detailing what his current attorney—Palma—has been working on since his January appointment. Whether Palma acted promptly is irrelevant to the issue at hand: why the extended December 7, 2018, deadline was missed.

4

Defendant cites a district court case from the Eastern District of New York for the proposition that Rule 45 "*permits* the Court to find" excusable neglect where "substitute counsel has 'acted promptly and in good faith'" in filing a Rule 33 motion. (Doc. No. 397, at 3 (citing *United States v. Kenner*, 272 F. Supp. 3d 342, 419–20 (E.D.N.Y. 2017)) (emphasis added).) But *Kenner* does not compel finding excusable neglect here. First, that the rule "permits" certain discretionary relief does not mean such relief is required in this, or any other, case. Second, the question whether substitute counsel's action was sufficiently prompt is one the Court need not reach.

This is because *Kenner* is readily distinguishable. In that case, the defendant's relationship with trial counsel was "irretrievably broken." 272 F. Supp. 3d at 420. Although Ketabchi was dissatisfied with Paul, prompting him to seek new counsel, there is no evidence of a total breakdown in communication. *See United States v. Tingman*, No. 11 CR 1040, 2013 WL 6925018, at *1 (S.D.N.Y. Dec. 23, 2013) (finding inadequate a "blanket explanation" that counsel and defendant had "a miscommunication"). In fact, Paul informed the Court that he had "been in communication with [his] client . . . since the verdict . . . ." (Doc. No. 366, Tr. 3.) Further, Ketabchi did not bring his issues with Paul to the Court's attention until nearly six weeks after the deadline to file a Rule 33 motion had passed. If, as Ketabchi stated at a March 14, 2019, conference, his issues were with what evidence was or was not presented at trial, it was reasonably within defendant's control to ask his then-attorney to file a Rule 33 motion. *See Sabir*, 628 F. Supp. 2d at 417–18. Regardless, counsel need not obtain defendant's consent for tactical decisions that do not implicate basic trial rights. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004) (listing as such basic trial rights decisions to plead guilty, waive a jury, take the stand in one's own defense, and file an appeal); *see also Ida v. United States*, 207 F. Supp. 2d 171, 181 (S.D.N.Y. 2002) ("Rule 33 does not permit a defendant to make a tactical trial decision not to call certain witnesses and then to seek a new trial later if the tactic does not result in an acquittal.").

Despite Ketabchi's statements during conferences concerning his disagreements with his trial counsel, his present motion makes no factual allegations regarding ineffective assistance of trial counsel. The Second Circuit has contemplated that a defendant may have "a reasonable contention" that his failure to timely move was "attributable to excusable neglect" when he was "[a]t the time" represented by an "allegedly ineffective attorney." *United States v. Brown*, 623 F.3d 104, 113 n.5, 114–15 (2d Cir. 2010); *see also Scali*, 2018 WL 3536082, at *3. But missed filing deadlines cannot be erased any time a defendant chooses to have new counsel. Were such a rule to exist, defendants would constantly seek new attorneys, even if replacing competent ones, simply to have an end-run around Rule 33(b)(2)'s 14-day deadline. In his motion, Ketabchi has failed to even allege, much less assert supportive facts to show, that his trial counsel—who mounted an aggressive and nuanced defense at trial in the face of substantial inculpatory evidence—was ineffective in not filing a Rule 33 motion. Although the Court has no reason to characterize the sincerity of Ketabchi's extension request as one taken in good or bad faith—a factor in assessing the existence *vel non* of excusable neglect— the balance of the relevant considerations lead the Court to find defendant's delay to not constitute excusable neglect.

## III. CONCLUSION

Because Ketabchi has not shown why his failure to file a Rule 33 motion in December should be excused, his motion for a *nunc pro tunc* extension of time in which to file a Rule 33(a) motion is denied.

Dated: New York, New York
       March 25, 2019

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

6