UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shahram Ketabchi,<br><br>*Petitioner*<br><br>v.<br><br>United States of America,<br>*Respondent.* | **22 Civ. 2323 (SHS)** |
| United States of America<br><br>v.<br><br>Shahram Ketabchi,<br>*Defendant.* | **S8 17 Cr. 243 (SHS)** |

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS Shahram Ketabchi (the "defendant") has moved for relief from his conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel (Dkt. No. 671); and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of the defendant's former counsel, Jacob Mitchell, Esq., will be needed in order to allow the Government to respond fully to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Mr. Mitchell is needed in order to allow the Government to respond fully to the motion; and

WHEREAS by making the motion, the defendant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Mr. Mitchell from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof.

Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that the Clerk of Court shall serve upon the defendant a copy of this Order and the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. The defendant shall execute and return to this court within 14 days from the date of this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the Court within 14 days from the date of this Order, the Court will deny the § 2255 motion, on the ground that the defendant failed to authorize the disclosure of information needed to permit the Government to respond to the motion; and it is further

ORDERED that, within 14 days of the Court's receipt and docketing of the executed "Attorney-Client Privilege Waiver (Informed Consent)" form from the defendant, Mr. Mitchell shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by the defendant, and provide to the Court as an attachment to the affidavit a copy of any relevant documents or written communications; and it is further

ORDERED that the Government shall respond to the defendant's § 2255 motion within 14 days after the Court's receipt and docketing of Mr. Mitchell's affidavit and any attachments.

Dated: New York, New York

March 31, 2022

HON. SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shahram Ketabchi,

*Petitioner*

**22 Civ. 2323 (SHS)**

v.

United States of America,

*Respondent.*

United States of America

**S8 17 Cr. 243 (SHS)**

v.

Shahram Ketabchi,

*Defendant.*

### Attorney-Client Privilege Waiver (Informed Consent)

To: *Shahram Ketabchi*

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyers, Kenneth A. Paul, Esq., and Jacob Mitchell, Esq. The court has reviewed your papers and determined that it needs to have sworn testimonial statements from your former lawyers in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with Mr. Paul and Mr. Mitchell to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and Mr. Paul and Mr. Mitchell a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering Mr. Mitchell to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court. The form constitutes your authorization to Mr. Mitchell to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that Mr. Mitchell will contradict your statements about his representation of you. However, you should also know that

the Court will deny your motion if you do not authorize Mr. Mitchell to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within fourteen (14) days from the date of the Court's Order directing Mr. Mitchell to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

## AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Jacob Mitchell, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the court, and by providing any relevant documents, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows Mr. Mitchell to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

_____           _____
Shahram Ketabchi                                           Date

2